1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

PACE INTERNATIONAL, LLC, *et al.*,

9                          Plaintiffs,                    Case No. C08-1822RSL

10              v.

ORDER DENYING MOTION TO
11   INDUSTRIAL VENTILATION, INC., *et al.*,          TRANSFER

12                          Defendants.

13

14          This matter comes before the Court on "Industrial Ventilation, Inc. and 1,4Group,

15   Inc's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)." Dkt. # 8. Having reviewed the

16   memoranda, declarations, and exhibits submitted by the parties,[1] defendants' motion to transfer

17   is DENIED.

18

19          Plaintiffs allege that defendants have infringed a patent owned by plaintiff Xeda

20   International, S.A., a French Corporation, by providing sprout-inhibiting products and services

21   to potato growers and operators of potato storage facilities. Plaintiff Pace International, LLC, is

22   based in Seattle and is the exclusive United States licensee of Xeda's patent. Defendants

23   Industrial Ventilation, Inc. ("IVI") and 1,4Group, Inc. are Idaho corporations.

24

25

26          [1] This matter may be decided on the papers submitted. Defendants' request for oral argument is,
     therefore, DENIED.

ORDER DENYING MOTION TO TRANSFER

Section 1404(a) of Title 28 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is the statutory equivalent of the common law doctrine of *forum non conveniens* where the alternative forum is within the territory of the United States. <u>Ravelo Monegro v. Rosa</u>, 211 F.3d 509, 512-13 (9th Cir. 2000). "[T]he central focus of the *forum non conveniens* inquiry is convenience . . . ." <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 248-49 (1981). Generally, "a plaintiff's choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." <u>Piper Aircraft</u>, 454 U.S. at 241 (citations omitted). The moving parties have the burden of showing that the overall convenience of the parties and witnesses, in the interests of justice, weighs in favor of transferring the above-captioned case to a different forum. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

Under both the *forum non conveniens* and venue doctrines, the Court must make an individualized, case-by-case determination of convenience and fairness when considering a change in venue. <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988). Factors that may be considered include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000). Other relevant considerations drawn from the traditional

*forum non conveniens* analyses are (9) the pendency of related litigation in the transferee forum, (10) the relative congestion of the two courts, and (11) the public interest in local adjudication of local controversies. <u>Decker Coal</u>, 805 F.2d at 843.

Defendants request that this matter be transferred to the District of Idaho or, in the alternative, to the Eastern District of Washington. There is no real dispute regarding the availability of these forums: the moving parties acknowledge that they are subject to personal jurisdiction in those districts for purposes of 28 U.S.C. § 1391(a)(3). Thus, this issue turns on an individualized determination of convenience and fairness as it relates to these parties.

**1. Location of Relevant Events**

The initial distribution of 1,4Group's allegedly infringing product, Sprout Torch, occurred in Idaho. IVI, a customer of 1,4Group, has offices in both Idaho and the Eastern District of Washington from which it has sold Sprout Torch. Defendants deny that they have ever sold products "that contain eugenol in Western Washington." Motion at 2-3. Because the focus of this litigation is the allegedly infringing conduct of defendants, the "hub of activity" is where defendants performed the patented process. <u>See</u> <u>Amazon.com v. Cendant Corp.</u>, 404 F. Supp.2d 1256, 1260 (W.D. Wash. 2005). In this case, both Idaho and the Eastern District of Washington saw accused activity, with a preponderance of the relevant events occurring in, or directed from, Idaho.

There are, however, other allegations and claims involved in this litigation which arose, at least in part, in the Western District of Washington. Plaintiffs allege that defendants' conduct was willful because they gave notice of the alleged infringement more than three years before this suit was filed. Defendants, for their part, have asserted that one or more of the claims of Xeda's patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112. Although the exact nature of this challenge is unclear, some of the statutory counterclaims, such as the § 103(b) "on-sale" bar, would likely involve events that occurred in the Western District of Washington.

Overall, the Court finds that this factor weighs in favor of a transfer to Idaho,

despite the fact that relevant events occurred in all three judicial districts under consideration.

### 2. Familiarity with Governing Law

Only federal claims are asserted in this litigation. This consideration is therefore neutral.

### 3. Plaintiffs' Choice of Forum

This factor is generally given great weight: there is a presumption that plaintiff's choice of forum will not be disturbed absent a strong showing that the convenience of the parties and/or the interests of justice warrant a transfer. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1180 (9th Cir. 2006). Plaintiff Pace International has its principal place of business in this forum and a significant interest in having this dispute resolved here. Plaintiffs' choice of forum is therefore entitled to significant weight and favors the Western District of Washington.

### 4. Parties' Contacts with the Forum

Plaintiff Pace International, the exclusive licensee of Xeda's patent in the United States, is based in Seattle. Xeda is a French corporation and defendants are Idaho corporations. Although defendants have no offices in the Western District of Washington, their carefully crafted declarations imply that they sell goods and services to customers here. On the whole, the balance of contacts is fairly even: this consideration is neutral.

### 5. Contacts Relevant to this Dispute

For the reasons set forth in section 1, this factor weighs in favor of a transfer to Idaho.

### 6. Cost of Litigation

The Court has no information regarding the comparative costs of litigation in Idaho, the Eastern District of Washington, and the Western District of Washington. Defendants have failed to show that this consideration favors transfer.

### 7. Availability of Compulsory Process

Defendants have identified a number of witnesses in Idaho and the Eastern District of Washington who would testify regarding the process used to inhibit sprout growth and possible damages. Motion at 6-7. Contrary to defendants' unsupported assertion, some of these witnesses are subject to the subpoena power of this Court. Trial subpoenas may issue under Rule 45 to a party and a party's officers, including Frank Bushman and Jerry Bartels. The Court also has discretion to compel the attendance of witnesses who reside, work, or regularly transact business in Washington, including IVI's employees in Pasco, Washington. See Rule 45(c)(3)(A)(ii) and Rule 45(c)(3)(B)(iii). The Court is willing to assume that some of the Idaho witnesses do not regularly transact business in Washington and cannot, therefore, be compelled to attend trial under Rule 45. Nevertheless, a transfer of venue to Idaho would simply change the group of witnesses over whom the court lacks subpoena power: witnesses in Seattle and Pasco fall outside the 100 mile reach of the federal courthouses in Boise, Couer d'Alene, Pocatello, and Moscow. This consideration is neutral.

### 8. Access to Sources of Proof

Convenience of witnesses is a key consideration in the § 1404(a) analysis. See, e.g., 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3851, at 415 (2d ed. 1986). Unfortunately, the witnesses in this case are spread across three judicial districts. The choice of one venue will necessarily inconvenience the witnesses in the other two. Because plaintiffs have not identified individuals who are likely to testify in this matter, the Court will assume that there are more witnesses in Idaho, the headquarters of both defendants, than there are in the Eastern District of Washington or the Western District of Washington.

The documents that will be relevant to this litigation are concentrated in France, Seattle, Boise, and Pasco. Although the advent of electronic discovery has reduced the burdens associated with actually producing documents to an opposing party, the culling of the party's files and, if warranted, the initial selection process are more easily accomplished where the

ORDER DENYING MOTION TO TRANSFER          -5-

documents are stored. Because two of the named parties are headquartered in Idaho and the focus of this litigation is defendants' conduct, the Court assumes that more relevant documents will be found in the District of Idaho than in either of the Washington districts.

This consideration weighs in favor of a transfer to Idaho.

### 9. Related Litigation

Neither party has identified pending litigation related to Xeda's patent. This consideration is neutral.

### 10. Relative Congestion

According to the most recent reports regarding the Judicial Business of the United States Courts, during the twelve-month period ending September 30, 2008, the median time interval from filing a civil case to disposition was 7.1 months in the Western District of Washington, 8.1 months in the Eastern District of Washington, and 11.0 months in the District of Idaho. See http://www.uscourts.gov/judbus2008/contents.cfm, Table C-5. The Eastern District of Washington and the District of Idaho also have significantly higher percentages of cases pending for three years or more. See http://www.uscourts.gov/judbus2008/contents.cfm, Table C-6. To the extent that these statistics accurately measure congestion (which is debatable), this district has a clear advantage.

### 11. Public Interest in Local Adjudication

Both the District of Idaho and the Western District of Washington have an interest in adjudicating the commercial rights and obligations of their corporate citizens. The Eastern District of Washington has very little interest in this dispute.

Thus, as is often the case, the convenience of defendants and their witnesses is ill-served by plaintiffs' choice of forum. Because defendants may not rely on their ties to both Idaho and the Eastern District of Washington as a counterweight to plaintiffs' contacts with the

Western District, the Court has not considered defendants' presence in the Eastern District.[2] Although the weight of relevant contacts favors a transfer to the District of Idaho, plaintiffs' documents and witnesses are in this district and a transfer would simply shift, rather than eliminate, the inconvenience of litigation. Such a result would be inappropriate. See Decker Coal, 805 F.2d at 843. In addition, past performance suggests that this case will be resolved more quickly in this district. The motion to transfer is therefore DENIED.

Dated this 13th day of April, 2009.

Robert S. Lasnik
United States District Judge

---

[2] The Court finds that a transfer to the Eastern District of Washington is not warranted by considerations of convenience, fairness, or the interests of justice.

ORDER DENYING MOTION TO TRANSFER          -7-