UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
PACE INTERNATIONAL, LLC, *et al.*, )
                                        ) Case No. C08-1822RSL
                     Plaintiffs, )
         v. )
                                          ) ORDER GRANTING PLAINTIFFS'
INDUSTRIAL VENTILATION, INC., *et al.*, ) MOTION TO STRIKE
                                         )
                     Defendants. )
_____)

         This matter comes before the Court on "Plaintiffs' Motion to Strike Defendants' Fourth Affirmative Defense." Dkt. # 33. Having reviewed the memoranda, declaration, and exhibit submitted by the parties, the Court finds as follows:

         Defendants assert an affirmative defense of patent misuse. First Amended Answer at 6-7. In support of this affirmative defense, defendants allege that plaintiffs knew or should have known that defendants' process does not infringe the '364 Patent and that plaintiffs are seeking to broaden the scope of the patent through this enforcement action. Plaintiffs have challenged the viability of the patent misuse defense under both Fed. Rule of Civil P. 12(f) and 12(b)(6).

         Patent misuse is an equitable defense to a claim of patent infringement designed to prevent the patentee from impermissibly extending the monopoly granted by the patent. U.S.

ORDER GRANTING PLAINTIFF'S
MOTION TO STRIKE

Philips Corp. v. Int'l Trade Comm'n, 424 F.3d 1179, 1184-85 (Fed. Cir. 2005). Certain activities constitute *per se* patent misuse, such as when a patentee with market power conditions a license under the patent on the purchase of separate, unpatentable goods or attempts to extend the term of the patent by contractually requiring payment of post-expiration royalties. Virginia Panel Corp. v. MAC Panel Co., 133 F.3d 860, 869 (Fed. Cir. 1997). Other activities, however, have been statutorily excluded from the doctrine of patent misuse even though they arguably have an anti-competitive effect. U.S. Philips, 424 F.3d at 1185-86. In 35 U.S.C. § 271(d)(3), for example, Congress declared that a patent owner may seek "to enforce his patent rights against infringement or contributory infringement" without being guilty of misuse or illegal extension of the patent right.

Defendants do not acknowledge the safe harbor provided by § 271(d), much less explain why their affirmative defense should be permitted to proceed when Congress has expressly stated that efforts to protect patent rights from infringement do not constitute misuse. Defendants may be arguing that plaintiffs' alleged bad faith eviscerates the safe harbor provision, but they offer no case law in support. The Federal Circuit has rejected a similar argument. In C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1373 (Fed. Cir. 1998), the jury had returned a verdict of patent misuse based on defendant's charge that plaintiff "was attempting to enforce the patents against goods known not to be infringing." The court found that "[i]t is not patent misuse to bring suit to enforce patent rights not fraudulently obtained" and overturned the jury's verdict. 157 F.3d at 1373. The affirmative defense asserted here is based on the same bad faith allegations that were presented in C.R. Bard. Because the Federal Circuit has determined that allegations of wrongful enforcement are insufficient to establish patent misuse, defendants' fourth affirmative defense is insufficient and fails to state a defense upon which relief can be granted.

ORDER GRANTING PLAINTIFF'S
MOTION TO STRIKE                                        -2-

For all of the foregoing reasons, plaintiffs' motion to strike is GRANTED. The patent misuse defense is hereby STRICKEN.

Dated this 6th day of August, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge